UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. BEATON, SR., | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-07-1526 |
| v. | : | (Complaint filed 08/20/07) |
| FRANKLIN J. TENNIS, et al, | : | (Judge Muir) |
| Defendants | : | |

**ORDER #1 of**

November 17, 2008

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Thomas J. Beaton, Sr., initiated this matter on August 20, 2007, by filing a *pro se* civil rights complaint. We subsequently appointed counsel to represent Beaton and on July 17, 2008, that attorney filed a second amended complaint containing two counts brought pursuant to 28 U.S.C. § 1983.

Beaton claims to have been attacked by a fellow inmate armed with a padlock at the state Correctional Institution at Rockview, in Bellefonte, Pennsylvania. He asserts that the Defendants violated his constitutional rights by failing to prevent the attack and by failing adequately to treat him after the attack.

On August 5, 2008, Defendants Valerie Senko and Dr. John Symons filed a motion to dismiss Beaton’s second amended complaint. A supporting brief was filed on August 19, 2008. After receiving an extension of time to file his brief, Beaton timely filed an opposition brief on October 14, 2008. The time

allowed for Defendants Senko and Symons to file a reply brief expired on October 31, 2008, and to this date no such brief has been filed. Their motion to dismiss Beaton's claims against them is ripe for disposition.

We originally withheld ruling on the motion because other defendants have filed a motion to dismiss which is not ripe for disposition and it is our general practice to rule an multiple dispositive motions in a single order. However, Beaton has not yet filed his brief in opposition to that other motion and our review of the two dispositive motions leads us to conclude that it is appropriate to rule on them separately.

When evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Colburn v. Upper Darby Township, 835 F.2d 663, 665-66 (3d Cir. 1988); Brouse v. Itinger, et al., Civil No. 88-1627 (M.D. Pa. April 26, 1989). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *See* Conley v. Gibson, 355 U.S. 41, 44-46 (1957); District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

We will apply those principles to Beaton's claims against Defendants Senko and Symons, which have been brought pursuant to 42 U.S.C. § 1983. The essential elements of such claims are that the conduct complained of 1) be committed by a person acting under color of state law and 2) the conduct has deprived the plaintiff of one of his rights, privileges, or immunities secured by the constitution or federal law. Parrat v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662 (1986).

Before addressing the merits of the pending motion to dismiss, we will briefly set forth the relevant allegations in Beaton's second amended complaint.

On August 28, 2006, Beaton was assaulted by another inmate who struck Beaton in the face with a padlock. (Second Amended Complaint, ¶¶8-9, p. 3) "As a result of the assault, [Beaton] was knocked to the ground, hitting his head on the concrete floor and rendering him unconscious for approximately 10 to 15 minutes." (Id., ¶15, p. 4) Beaton sustained a severe concussion and a fracture of his skull. (Id., ¶26, p. 6)

The moving Defendants contend that Beaton's second amended complaint fails to

> allege factual averments, which if proven, establish that Dr. Symons and Senko knew that their conduct presented a substantial risk of harm to Beaton and they acted or failed to act anyway.

(Brief in Support of Motion to Dismiss, p. 5)

Beaton specifically claims the following in his second amended complaint with respect to Defendants Senko and Symons:

> 34. Valerie Senko [Physician's Assistant] was deliberately indifferent to the plaintiff's serious medical condition, and caused unwarranted and unnecessary pain and suffering, when on September 5, 2006, she failed to order an x-ray, CT Scan, MRI or any other diagnostic testing to learn the full extent of plaintiff's injuries suffered during the August 28, 2006, assault.
> 35. John Symons, M.D. was deliberately indifferent to the plaintiff's serious medical condition, and caused unwarranted and unnecessary pain and suffering, when on September 11, 2006, he failed to order an x-ray, CT Scan, MRI or any other diagnostic testing to learn the full extent of plaintiff's injuries suffered during the August 28, 2006, assault.
> 36. John Symons, M.D. was deliberately indifferent to the plaintiff's serious medical condition, and caused unwarranted and unnecessary pain and suffering, when on August 8, 2007, and/or continuing thereafter, by refusing to provide and/or authorize the medication prescribed by the plaintiff's treating neurologist, Brian Hyman, M.D., and witholding same from the plaintiff for a period of at least 51 days.
> 37. Dr. Symons and Physician Assistant Senko knew that plaintiff had suffered serious trauma to his head, that plaintiff was subject to serious and permanent injuries as a result of the assault on August 28, 2006, and nonetheless delayed in ordering any diagnostic studies which would identify the nature and extent of plaintiff's injuries.
> 38. Moreover, despite knowing that plaintiff was hit in the head during the assault on August 28, 2006, that plaintiff had hit his head on the concrete floor during the assault, that plaintiff had a severe concussion with visual disturbances, that plaintiff had suffered a skull fracture of his skull [sic], and that plaintiff continually presented with neurological symptomatology without relief, Dr. Symons nonetheless failed to obtain a neurology consultation until three months after the assault.

(Id., ¶¶34-37, pp. 9-10)

For the purposes of ruling on the Defendants' motion to dismiss Beaton's second amended complaint, we are required to accept those factual allegations as true. We are of the view that they sufficiently allege, as a factual matter, Eighth Amendment claims against the moving Defendants.

The moving Defendants further contend that

> [t]he federal courts to consider the issue have uniformly held that the failure to order diagnostic tests never rises to the level of deliberate indifference to a serious medical need. It constitutes negligence.

(Brief in Support of Motion to dismiss, p. 6) None of the cases which the moving Defendants cite in support of that statement establish such a blanket rule. The cases cited by the moving Defendants simply held that the factual circumstances at issue did not establish an Eighth Amendment claim.

In Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994), the Court described the standard for determining deliberate indifference as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id., 114 S. Ct. at 1979. The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id., 114 S. Ct. at 1981.

In Comstock v. McCrary, 273 F.3d 693 (6th Cir. 2001), the Court of Appeals for the Sixth Circuit discussed the issue of whether the estate of an inmate may proceed on an Eighth Amendment claim upon a physician's failure to investigate the true nature of the plaintiff's condition. In that case the deceased inmate committed suicide after a defendant had removed the inmate from a suicide watch. The district court denied the defendant's motion for summary judgment and the Court of Appeals for the Sixth Circuit affirmed that denial.

The court in Comstock initially recognized that a defendant's failure properly to diagnose a plaintiff's injury is usually mere negligence which will not sustain an eighth Amendment claim. However, the court commented that

> [s]imple negligence would have been the failure to perform one, or even some, of the tasks that the other psychologists testified would be "routinely" conducted by them in evaluating a known suicide risk. In this case, however, [the defendant] admittedly performed *none* of these tasks, other than to ask Montgomery how he was feeling, and then to take him at his word that he was better.

Comstock v. McCrary, 273 F.3d 693, 709 (6th Cir. 2001). The court further stated that

> there is an abundance of evidence that McCrary did not respond reasonably to the substantial risk of harm, of which he was subjectively aware, to Montgomery's health and safety.

Id., at 710. The court ultimately

> conclude[d] that plaintiff has presented sufficient evidence that, if true, would show that McCrary's evaluation was

> unreasonable and constituted deliberate indifference to the risk that Montgomery would harm himself when presented with the opportunity.

Id., at 711.

Beaton’s allegations in his second amended complaint assert the claim that Defendants Symons’s and Senko’s evaluation of Beaton’s condition was unreasonable and constituted deliberate indifference to Beaton’s need to have his skull fracture immediately treated.

We will deny the motion to dismiss filed by Defendants Symons and Senko.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The motion to dismiss filed by Defendants Symons and Senko (Document 43) is denied.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gja