# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS J. BEATON, SR.,** | : | CIVIL ACTION NO. 4:07-CV-01526 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **FRANKLIN J. TENNIS, JOEL DICKSON, JAMES MORRIS, GERALD MCMAHON, ROBERT PATISHNOCK, BRIAN CONFER, ANTHONY PORTER, BETINA REBAR, and JEFFREY RACKOVAN,** | : | |
| Defendants | : | |

## <u>ORDER</u>

AND NOW, this 7th day of June, 2010, upon consideration of the report of the Magistrate Judge (Doc. 111) recommending that defendants' motion (Doc. 83) for summary judgment be granted, and of the objections (Doc. 112) to the report filed by plaintiff Thomas J. Beaton, Sr., ("Beaton"),[1] and, following an independent review of the record, it appearing that Beaton failed to exhaust available administrative remedies through the Pennsylvania Department of Corrections ("DOC") for his various claims stemming from the assault of August 28, 2006, prior to bringing this action under 28

---

[1] In his objections, Beaton sets forth conclusory allegations that the Magistrate Judge erred and states that he objects to certain findings made by the Magistrate Judge. (<u>See</u> Doc. 112.) However, Beaton fails to present to the court any basis for reaching different conclusions. In any event, the court notes that the factual contentions in Beaton's objections are not material to the disposition of the motion.

U.S.C. § 1983,[2] and it further appearing that Beaton fails to state a cognizable failure to protect claim, it is hereby ORDERED that:

1. The report of the Magistrate Judge (Doc. 111) is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 83) is GRANTED.

3. The Clerk of Court is directed to enter JUDGMENT in favor of defendants and against plaintiff on all claims.

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Beaton argues that he satisfied the requirements of 42 U.S.C. § 1997e(a) by making a reasonable effort to exhaust the grievance process of the DOC. Beaton contends with fervor that a grievance counselor deceived him into withdrawing the grievance which first raised the claim that prison employees failed to protect him from a violent assault by another prisoner. The court need not inquire into possible misconduct by the grievance counselor which might have effectively barred Beaton from accessing administrative remedies. Ultimately, Beaton appealed to have his grievance reinstated, and the final appeal was dismissed due to deficiencies of an essential nature which Beaton failed to cure despite being granted an opportunity to supply missing documentation. Beaton having procedurally defaulted on his DOC grievance, § 1997e(a) functions as an affirmative defense for Beaton's federal claims. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).
    Accepting the Magistrate Judge's finding as to exhaustion of administrative remedies (see Doc. 111 at 7-12), the court need not consider the further discussion of the merits of Beaton's failure to protect claims (see id. at 12-18).